IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82436-TJM |
| PROFESSIONAL VETERINARY ) | |
| PRODUCTS, LTD., ) | CHAPTER 11 |
| ) | |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82438-TJM |
| EXACT LOGISTICS, LLC, ) | |
| ) | |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82437-TJM |
| PROCONN, LLC, ) | |
| ) | |
| Debtor(s). ) | |
| VICKY WINKLER, Trustee of the ) | |
| PVP Liquidating Trust, ) | ADV. PRO. NO. A11-8083-TJM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MANDEEP GHUMANN, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the defendant's motion for summary judgment (Fil. No. 16), and on the defendant's objection to the plaintiff's evidence (Fil. No. 33). Robert P. Diederich represents the plaintiff, and Sam King and Nathan R. Watson represent the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The debtor in possession[1] ("PVP") filed this adversary proceeding to recover an amount owed to it by the defendant for goods sold on account. The parties agree that the defendant, Dr. Ghumann, purchased goods from PVP. The dispute concerns the amount due. PVP asserts that Dr. Ghumann owes the principal amount of $725,020.61, less credits and reimbursements of

---

[1] Upon the confirmation of the debtor's Chapter 11 plan, a liquidating trust was formed and Vicky Winkler was appointed liquidating trustee. She was substituted as the plaintiff in this action.

approximately $12,000. Dr. Ghumann argues the credits should be substantially higher. In fact, his motion for summary judgment is based on the premise that if the credits were properly applied, he would owe nothing to PVP.

The motion is denied.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are uncontroverted or are established for purposes of this motion:

1. The debtor, PVP, was a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. The corporation has been dissolved.

2. PVP distributed animal-related products to veterinarians.

3. The defendant, Dr. Mandeep Ghumann, is an individual and a sole proprietor doing business as Castro Valley Veterinary Hospital ("CVVH") in California.

4. CVVH purchased goods from PVP.

5. Under certain conditions, PVP accepted the return of outdated or expired goods from CVVH and provided credit for said returns.

6. Under certain conditions, PVP passed along to purchasers such as CVVH price rebates offered by manufacturers.

7. PVP filed a voluntary Chapter 11 bankruptcy petition on August 20, 2010.

8. PVP filed an amended complaint against Dr. Ghumann alleging a net indebtedness of $712,409.07.

9. Dr. Ghumann filed an answer and a counterclaim for the set-off of all rebates and credits due from PVP.

For purposes of the summary judgment motion, evidentiary problems exist on both sides of this dispute. First, Dr. Ghumann's counterclaim and summary judgment materials all refer repeatedly to an "agreement" between the parties for PVP's acceptance of returned expired goods and the issuance of credits for such returns. However, the record before the court contains no evidence of any such "agreement." Was there a written agreement? An oral agreement? An understanding based on a course of conduct? Due to the lack of evidence, the court can only speculate. That lack of evidence, in and of itself, is fatal to Dr. Ghumann's motion for summary judgment.

Second, Dr. Ghumann has objected, on grounds of hearsay and foundation, to the evidence put forth by PVP in the form of affidavit testimony by two former employees of PVP. The defendant's objections are well-taken. While both affiants were officers of PVP and clearly have executive-level knowledge of the company's financial operations, nothing in the evidence suggests either of them has any personal insight into or individual involvement with the billing and rebate/credit authorization process for CVVH's account. Therefore, for purposes of this motion, the evidentiary objections are granted and the affidavits of Stephen J. Price and Vicky Winkler were not considered. PVP has requested not only the denial of Dr. Ghumann's summary judgment motion but entry of summary judgment in its favor. The resulting lack of evidence on the part of the plaintiff requires the denial of its request.

Without having a clearer record as to the parties' billing and credit practices, the court cannot grant the motion for summary judgment. Certainly, PVP accepted returns and issued credits to CVVH in the past. Whether it was obligated to do so on the transactions at issue here is a factual question. The authorization for such returns and the issuance of credits and manufacturers' rebates presumably was discretionary with PVP – although that conclusion is subject to proof as well – but without knowing more about the transactions at issue in this case, it is difficult to determine how much is owed to whom. Accordingly, the matter will be set for trial.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. No. 16) is denied. The defendant's objection to the plaintiff's evidence (Fil. No. 33) is granted.

DATED:    June 6, 2012

BY THE COURT:

 /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:

    Robert P. Diederich
    *Sam King
    *Nathan R. Watson
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.