IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82436-TJM |
| PROFESSIONAL VETERINARY ) | |
| PRODUCTS, LTD., ) | CHAPTER 11 |
| ) | |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82438-TJM |
| EXACT LOGISTICS, LLC, ) | |
| ) | |
| Debtor(s). ) | |
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-82437-TJM |
| PROCONN, LLC, ) | |
| ) | |
| Debtor(s). ) | |
| VICKY WINKLER, Trustee of the ) | |
| PVP Liquidating Trust, ) | ADV. PRO. NO. A11-8083-TJM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MANDEEP GHUMANN d/b/a Castro Valley ) | |
| Veterinary Hospital, ) | |
| ) | |
| Defendant. ) | |

ORDER

Hearing was held on August 13, 2012, on the defendant's motion for a protective order (Fil. No. 41) and objection by the plaintiff (Fil. No. 50). Robert Diederich appeared for the plaintiff, and Sam King appeared for the defendant.

The debtor in possession[1] ("PVP") filed this adversary proceeding to recover an amount owed to it by the defendant for goods sold on account. PVP was a Nebraska corporation with its principal place of business in Omaha, Nebraska. It distributed animal-related products to veterinarians. The defendant, Dr. Mandeep Ghumann, is an individual and a sole proprietor doing

---

[1]Upon the confirmation of the debtor's Chapter 11 plan, a liquidating trust was formed and Vicky Winkler was appointed liquidating trustee. She was substituted as the plaintiff in this action.

business as Castro Valley Veterinary Hospital ("CVVH") in California. CVVH purchased goods from PVP. Under certain conditions, PVP accepted the return of outdated or expired goods from CVVH and provided credit for said returns. Under certain conditions, PVP passed along to purchasers such as CVVH price rebates offered by manufacturers. The parties dispute the amount owed by CVVH to the bankruptcy estate. The trustee argues that Dr. Ghumann owes nearly $700,000 after accounting for credits and reimbursements. Dr. Ghumann argues the credits should be substantially higher and asserts that if the credits were properly applied, he would owe nothing to the estate. He filed a counterclaim alleging that he is entitled to credits of more than $1 million.

As part of the discovery process, the trustee seeks to take Dr. Ghumann's deposition in Omaha. Dr. Ghumann objects to the location, which would necessitate his travel from his residence in California. The court, for good cause, may issue a protective order specifying terms, such as time and place, for the discovery. Fed. R. Civ. P. 26(c)(1)(B) (incorporated by Fed. R. Bankr. P. 7026). The party requesting the protective order bears the burden of establishing good cause. Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979).

Generally, a defendant residing outside the forum state is deposed at the defendant's location. When the defendant files a counterclaim, the appropriate location may be subject to change. In civil cases, when a defendant files a permissive counterclaim, he is deemed to have voluntarily submitted to the jurisdiction where the action is pending. Nakagawa v. Nishimura (In re Chong), 13 B.R. 468, 471 (Bankr. D. Haw. 1981). In other words, by filing a permissive counterclaim, the "defendant puts himself in the position of a plaintiff and voluntarily consents to be sued and to waive jurisdictional objections he may have with the forum." Id. (citing Gen. Elec. Co. v. Marvel Rare Metals Co., 287 U.S. 430 (1932)). When the defendant files a compulsory counterclaim – one required to be pled because it arises from the same transaction or occurrence that is the subject matter of the plaintiff's complaint – the defendant is unable to choose the forum and is treated as any other defendant, subject to examination in his home state. Martin Baker Well Drilling, Inc. v. Koulovatos (In re Martin Baker Well Drilling, Inc.), 36 B.R. 151, 153 (Bankr. D. Me. 1983).

Dr. Ghumann's counterclaim arises from the same transaction as the trustee's claim, making it a compulsory counterclaim. Fed. R. Civ. P. 13(a); In re Peter J. Schmitt Co., 150 B.R. 556, 559 (Bankr. D. Del. 1993) (holding that counterclaims for rebates and credits were compulsory because they related to debtor's accounts receivable claim). However, Rule 13's use in bankruptcy contains an exception for parties sued by a trustee or debtor in possession, relieving them from the obligation to file counterclaims. Fed. R. Bankr. P. 7013.[2] This exception "reflects the rulemakers' opinion that [considerations of procedural economy and expedition] are outweighed by concerns over compelling defendants who are not otherwise subject to the bankruptcy court's jurisdiction to file claims in that

---

[2]Rule 7013. Counterclaim and Cross-Claim
    Rule 13 F. R. Civ. P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief.

court." Martin Baker Well Drilling, 36 B.R. at 153.

In Martin Baker Well Drilling, the court permitted the deposition of the defendant – who had filed what, outside of bankruptcy, would be considered a compulsory counterclaim – to be taken in his state of residence, reasoning that defendants would be deterred from filing counterclaims if they were required to submit for examination at the forum site. Such deterrence would unnecessarily duplicate efforts and thwart the goals of economy and expediency. 36 B.R. at 154.

The analysis of that case applies equally well to Dr. Ghumann's situation. His counterclaim is inextricably intertwined with the trustee's claim; adjudication of both parties' claims in one proceeding is preferable; and the benefits of such procedural economy should not work a detriment on the defendant. The deposition should be taken in California.

IT IS ORDERED: The defendant's motion for a protective order (Fil No. 41) is granted.

DATED:	August 30, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Robert P. Diederich
    *Sam King
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.